ACCEPTED
13-14-00123-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/14/2015 9:34:29 AM
Dorian E. Ramirez
CLERK

**Cause No. 13-14-00123-CR**

IN THE COURT OF APPEALS
FOR THE THIRTEENTH SUPREME JUDICIAL DISTRICT
AT CORPUS CHRISTI-EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/14/2015 9:34:29 AM
DORIAN E. RAMIREZ
Clerk

-------------------------------------------------------------------------------------

**RAUL LARA, APPELLANT**

v.

**THE STATE OF TEXAS, APPELLEE**

-------------------------------------------------------------------------------------

APPEAL OF TRIAL COURT CAUSE NO. CR-4394-12-E
FROM THE 275TH DISTRICT COURT
HIDALGO COUNTY, TEXAS
The Honorable Juan Partida, Presiding

-------------------------------------------------------------------------------------

**SUPPLEMENTAL BRIEF OF THE STATE OF TEXAS/APPELLEE**

-------------------------------------------------------------------------------------

Ricardo Rodriguez, Jr.
Criminal District Attorney
Hidalgo County, Texas

Glenn W. Devino
State Bar No. 24012525
Lead Counsel for Appellee

Office of the Criminal District Attorney
100 N. Closner Blvd.
Edinburg TX 78539
Telephone 956-318-2300
Facsimile 956-380-0407
glenn.devino@da.co.hidalgo.state.tx

FOR THE STATE OF TEXAS, APPELLEE

## NOTE AS TO PURPOSE OF THIS SUPPLEMENTARY BRIEF

The purpose of this Supplemental Brief is to address the additional arguments of Appellant set forth in his Amended Brief that are not within his initial Brief. This Brief is supplemental to, and not in lieu of, the initial Brief of the State of Texas, Appellee.

## IDENTIFICATION OF PARTIES AND COUNSEL

Appellee certifies that the following is a complete list of the parties, attorneys, and all other interested persons regarding this matter:

**1.) The Appellant is:**
Raul Lara

**2.) Appellant was represented in the trial court by:**
Judith Pena-Morales, Esq.        120 S. 12th Ave., Edinburg TX 78539
E. Omar Maldonado, Esq. [1]      100 N. Closner, Edinburg TX 78539
O. Rene Flores, Esq.             1308 S. 10th St., Edinburg TX 78539

**3.) Appellant is represented on appeal by:**
Rolando Garza, Esq.             310 W. University Dr., Edinburg TX 78539

**4.) The Appellee is:**
The State of Texas
by and through Ricardo Rodriguez, Jr., Hidalgo County Criminal District Attorney

**5.) Appellee was represented in the trial court by:**
Rene Guerra, Criminal District Attorney in and for Hidalgo County, Texas[2]
100 N. Closner, 3rd floor, Edinburg TX 78539
by his Assistant Criminal District Attorneys Linda Castillo, Roberto 'Bobby' Lopez, Jr. and Ashley Reeve

**6.) Appellee is represented on appeal by:**
Ricardo Rodriguez, Jr., Criminal District Attorney in and for Hidalgo County, Texas
100 N. Closner, 3rd floor, Edinburg TX 78539
by his Assistant Criminal District Attorney Glenn W. Devino

---

[1] E. Omar Maldonado, Esq., now sits as Judge Presiding, County Court at Law 8, Hidalgo County, Texas; his motion to be permitted to withdraw as counsel for Appellant was granted by written order before trial on the merits or any proceedings pertinent to this appeal. O. Rene Flores, Esq. was granted leave to substitute for E. Omar Maldonado as co-counsel with Ms. Morales, who represented Appellant throughout the course of proceedings in the trial court. CR169, CR171, CR249.

[2] The term of office of Rene Guerra as Criminal District Attorney in and for Hidalgo County, Texas, ended after trial of this cause was concluded but during the pendency of this appeal.

# NOTES AS TO THE FORM OF CITATION

A.) Citation to the Clerk's Record will be to page number, *e.g.* CR 47 refers to Page 47 of the Clerk's Record. Citation to a Supplemental Clerk's Record will be to volume and page number, *e.g.* 1SCR5 refers to Page 5 of Supplemental Clerk's Record, volume 1.

B.) Citation to testimony in the Reporter's Record will be to volume and page number, *e.g.* 3RR56 refer to page 56 of volume 3 of the Reporter's Record.

*Note: The numbering of the various volumes of the Reporter's Record is in some respects improper:*

a.) *A reference to 17RR herein is a reference to the transcript memorializing proceedings conducted December 6, 2013; a reference to 1Supp. RR herein is a reference to the transcript memorializing proceedings conducted December 9, 2013.*[3]

b.) *A reference to 25RR herein is a reference to the transcript memorializing proceedings conducted December 18, 2013, although the copy of the transcript memorializing these proceedings, as provided by the District Clerk of Hidalgo County, is labeled 'volume 26 of 29'.*

c.) *A reference to 26RR herein is a reference to the transcript memorializing proceedings conducted December 19, 2013.*

d.) *A reference to Supp. RR1, followed by an exhibit number, is a reference to the Supplemental Reporters Record containing exhibits admitted in suppression hearing.*

---

[3] Both of these referenced volumes are numbered '7 of 29'; staff of the Court has advised that the latter volume will be and is redesignated so as to avoid confusion.

## TABLE OF CONTENTS

Title Page………………………………………………………………………………..…1

Note as to the Purpose of this Supplemental Brief…………………………………2

Identification of Parties and Counsel …....……………………………………………3

Note as to the Form of Citation………………………………….………………..…4

Table of Contents………………………………………………………………...5

Index of Authorities………………………………………………………………...6

Statement of the Case………………………………………………………………7

Issue Presented………………………………………………………………..8

Statement of Facts……………………………………………………….....9

Summary of Arguments…………………………………………………….......10

Note as to Oral Argument…………………………………………………….....11

Arguments and Authorities……………………………………………………12

Conclusion………………………………………………………………...16

Prayer……………………………………………………………………...16

Certificate of Compliance……………………………………………………17

Certificate of Service……………………………………………………...17

# INDEX OF AUTHORITIES

**<u>Cases</u>**

<u>Bible v. State</u>, 162 S.W.3d 234 (Tex. Crim. App. 2005)………………………...13fn7

<u>Castellan v. State</u>, 54 S.W.3d 469 (Tex. App.—Corpus Christi 2001, *no pet.*)…..15

<u>Garcia v. State</u>, 919 S.W.2d 370 (Tex. Crim. App. 1996, *cert. denied*)(op. on rehearing)……………………………………………………………………13

<u>Hernandez v. State</u>, 421 S.W.3d 712 (Tex. App.—Amarillo 2014, *pet. ref'd*)..15-16

<u>Missouri v. Siebert</u>, 542 U.S. 600 (U.S. 2003)…………………………….......12-13

<u>Sosa v. State</u>, 769 S.W.2d 909, 916 (Tex. Crim. App. 1989, *cert. denied*)……….14

**<u>Statutes</u>**

Tex. Code Crim. P. Art. 38.22……………………………………………………….12

**<u>Rules</u>**

Tex. R. App. P. 9.4………………………………………………………………..11fn5

Tex. R. App. P. 38.1………………………………………………………...11fn5

Tex. R. App. P. 39.7………………………………………………………...11fn5

## STATEMENT OF THE CASE

Appellee, the State of Texas, does not set forth herein a Statement of the Case, but rather rests on the procedural history set forth in the initial Brief of Appellee.

# ISSUE PRESENTED

**<u>Issue:</u>**

Appellant is not entitled to reversal on his claim of error in the admission of written custodial statements.

## STATEMENT OF FACTS

Appellee, the State of Texas, does not set forth herein a Statement of Facts, but rather rests on the recitation of facts established by evidence as set forth in the original Brief of Appellee.

## SUMMARY OF ARGUMENTS[4]

The trial court did not err in admitting the written custodial statements of Appellant. Proper waivers are set forth on the face of each statement. The said waivers are adequate in that the phrasing thereof substantially complied with the specific provisions of the governing statute. Appellant was properly and timely advised as to his rights before the execution of both statements. The circumstances of the instant case do not present a 'question now/warn later' interrogation scenario. The techniques employed by investigators in interviewing Appellant were not coercive in nature so as to render his statements involuntary.

---

[4] This Summary is supplemental to, and not in lieu of, the Summary of Arguments within the initial Brief of Appellee.

**NOTE AS TO ORAL ARGUMENT**

Appellant does not request oral argument.[5]

The State of Texas respectfully submits that oral argument in the case at bar would not serve to enlighten the Court further or illuminate the issues in that, because the facts and legal arguments are adequately presented in the briefs and record, the decisional process of the Court would not be significantly aided by oral argument.

The State of Texas reserves the right to present oral argument should the Court *sua sponte* order oral argument.

---

[5] Appellee recited in its initial Brief that Appellant requested oral argument. This recitation was incorrect. Appellant did not, in either his initial Brief nor in his Amended Brief, reflect on the cover thereof a request for oral argument. Tex. R. App. P. 9.4(g); Tex. R. App. P. 39.7. Neither Appellant's initial Brief nor his amended Brief contains a 'statement regarding oral argument' as permitted by Tex. R. App. P. 38.1(e).

## ARGUMENTS AND AUTHORITIES

**Issue:** Appellant is not entitled to reversal on his claim of error in the admission of written custodial statements.[6]

Appellant contends that both of his custodial written statements should have been suppressed for alleged lack of compliance with the governing statute, which provides in pertinent part that the face of the statement must show that *Miranda* warnings were issued before making the statement and that the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived these rights. Tex. Code Crim. P. Art. 38.22 sec. 2.

One line of argument advanced by Appellant is grounded on the undisputed testimony that the statements, which contains all the requisite cautions and acknowledgements on their face, were not produced in written form until the conclusion of the interviews rather than before questioning commenced. 17RR24-25, 53-54. Appellant's argument is flawed. Neither interview of Appellant was a 'question first/warn later' interrogation of the sort condemned by the Supreme Court. In <u>Missouri v. Siebert</u>, 542 U.S. 600, 124 S. Ct. 2601, 159 L.Ed.2d 643

---

[6] The arguments advanced herein are supplemental to, and not in lieu of, those advanced in the initial Brief of Appellee.

(U.S. 2003), the interviewing officer made a "'[c]onscious decision' to withhold *Miranda* warnings [at the initial contact with and questioning of the suspect], thus resorting to an interrogation technique he had been taught: question first, then give the warnings, and then repeat the question 'until I get the answer that she's already provided once.'" *Id.* at 605. Here, in contrast, Appellant was advised as to his rights at the outset of both interviews. 17RR13, 40-41.[7] The waivers on the face of the written statements, which concededly were actually printed at the conclusion of each interview rather than at commencement, merely memorialized in writing the issuance of warnings that had properly and timely occurred.

Appellant's reliance on Garcia v. State, 919 S.W.2d 370 (Tex. Crim. App. 1996, *cert. denied*)(op. on rehearing) is likewise misplaced. The statement form at issue in Garcia lacked an express waiver of any nature; rather, the form included only a recitation that the facts therein were true and that the accused had made no *request* for counsel or demand for cessation of the interview. Garcia, 919 S.W.2d at 384-385. Even then, the Court of Criminal Appeals ultimately upheld the trial court's denial of the defendant's suppression motion. *Id.* at 387. In the matter at bar, an

---

[7] The second interviewing officer reissued the required warnings despite this officer's awareness that Appellant had already been advised of his rights before the substance of the first interview. 17RR38. Reissuance of the *Miranda* warnings was not in any event required. *See,* Bible v. State, 162 S.W.3d 234 (Tex. Crim. App. 2005).

explicit waiver does in fact appear on the face of both statements and above the factual substance of the statements. 28RR State's Exhibits 84, 86.

Substantial compliance with the provisions of Tex. Code Crim. P. Art. 38.22 sec. 2(b) in terms of the wording of a waiver is sufficient. *See,* Sosa v. State, 769 S.W.2d 909, 916 (Tex. Crim. App. 1989, *cert. denied*)("[a] warning which is only slightly different from the language of the statute but which conveys the exact meaning of the statute is sufficient to comply with the statute."). The waiver provision on each statement at issue reads as follows:

> I have read this statement of my rights (this statement of my rights had been read to me) and I understand what my rights are. I am willing to discuss subjects presented and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.
> 28RR State's Exhibits 84, 86.

These waivers are substantively identical to that deemed adequate in Sosa, 769 S.W.2d 914. Moreover, this Court, in considering a waiver with somewhat different phrasing, likewise held that waiver to be proper:

> Although appellant's waiver did not list the words "knowingly," "intelligently," or "voluntarily," it is clear that these requirements were met, adhering to the legislative intent of section 2(b). Thus, the

14

statement was valid, and the trial court was within its discretion to deny appellant's motion to suppress.

> Castellan v. State, 54 S.W.3d 469, 480 (Tex. App.—Corpus Christi 2001, *no pet.*).

The waivers subject of Appellant's complaint were in substantial compliance with the governing statute and thus both were adequate and proper.

Appellant contends that the testimony as to interview techniques employed, involving advising Appellant that investigators had already gained information from other sources implicating Appellant and that Appellant would thus likely 'go down' for the offense, rendered his statements involuntary. The Amarillo Court of Appeals has recently considered and rejected such claims:

> Early in his questioning, Smith confronted appellant with autopsy results showing Espinosa did not die from alcohol or drugs. Smith pressed appellant to "get past" the "I'm going to cover for [Kenneth], he's going to cover for [me]" posture, and made vague references to other evidence recently discovered that "brought us back to you."
> Hernandez v. State, 421 S.W.3d 712, 719 (Tex. App.—Amarillo 2014, *pet. ref'd*)

The Hernandez court explained its reasoning for rejecting Appellant's claims:

> The law permits police some use of psychological tactics to obtain the statement of a suspect. *Henderson v. Hendricks*, 02-4338 (MLC),

15

2005 U.S. Dist. Lexis 32897 at *31 (D.N.J. Dec. 13, 2005) (not designated for publication); *Miller v. Fenton*, 796 F.2d 598, 605 (3d Cir. 1986). Thus, for example, an interviewer may play on the suspect's sympathies or explain that honesty may be the best policy for a suspect hoping for leniency. *Miller*, 796 F.2d at 605; *Rachlin v. United States*, 723 F.2d 1373, 1378 (8th Cir. 1983) (although agents told suspect it was in his best interest to cooperate, resulting confession was voluntary); *United States v. Vera*, 701 F.2d 1349, 1363-64 (11th Cir. 1983)(same). "These ploys may play a part in the suspect's decision to confess, but so long as that decision is a product of the suspect's own balancing of competing considerations, the confession is voluntary." *Miller*, 796 F.2d at 605.

*Id*. at 717-718

None of the approaches employed by either investigator regarding the statements at issue were coercive in nature so as to render the confessions involuntary.

## CONCLUSION

Appellee respectfully submits, for the reasons set forth herein and as further set forth in its initial Brief, the Judgment of the trial court should in all respects be affirmed.

## PRAYER

Wherefore, premises considered, the State of Texas prays the Court affirm the Judgment of the trial court.

Respectfully submitted,

_____/s/ Glenn W. Devino_____

Glenn W. Devino
Assistant Criminal District Attorney
Hidalgo County, Texas
100 N. Closner, 4th floor
Edinburg TX 78539
Telephone 956-318-2300
Facsimile 956-380-0407
State bar no. 24012525

## Certificate of Compliance

I hereby certify that this Brief, including footnotes but excluding those parts listed in Rule 9.4(i)(1), Tex. R. App. P., contains 2,500 words

_____/s/ Glenn W. Devino_____

Glenn W. Devino
Assistant Criminal District Attorney
Hidalgo County, Texas
100 N. Closner, 4th floor
Edinburg TX 78539
Telephone 956-318-2300
Facsimile 956-380-0407
State bar no. 24012525

## Certificate of Service

I hereby certify that I have sent a true copy of the foregoing Brief of Appellee to Appellant, Raul Lara by serving Appellant therewith through the electronic filing manager to his attorney, Rolando Garza, on this the 14th day of October, 2015.

_____/s/_____Glenn W. Devino

Glenn W. Devino
Assistant Criminal District Attorney
Hidalgo County, Texas
100 N. Closner, 4th floor
Edinburg TX 78539
Telephone 956-318-2300
Facsimile 956-380-0407
glenn.devino@da.co.hidalgo.tx.us
State bar no. 24012525